**John Gardner BLACK, Petitioner**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 10–1186.

United States Court of Appeals, District of Columbia Circuit.

Feb. 21, 2012.

John Gardner Black, Warriors Mark, PA, pro se.

Christopher Paik, Randall Wayne Quinn, Jacob H. Stillman, David M. Becker, Esquire, General Counsel, Michael Andrew Conley, Deputy General Counsel, Securities and Exchange Commission, Washington, DC, for Respondent.

Before: TATEL, GARLAND, and KAVANAUGH, Circuit Judges.

## *JUDGMENT*

This petition for review was considered on the record, briefs, and oral arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition for review be denied.

John Gardner Black managed approximately $345 million for clients, the vast majority of whom were local school districts investing bond issue proceeds. In 1997, the Securities and Exchange Commission filed a civil complaint accusing Black of mismanaging those funds. The complaint alleged that Black misrepresented the value of the collateral backing a "Collateralized Investment Agreement" in which he invested $233 million in client funds. It also alleged that Black misappropriated at least $2 million in client funds to pay personal and business expenses. According to the complaint, Black's conduct resulted in the loss of $71 million of his clients' principal investment. Without admitting or denying the allegations, Black consented to a permanent injunction against further violations of federal securities laws, disgorgement of $3.6 million, and a $500,000 civil penalty. In 1998, Black consented to a follow-on SEC order barring him from "association with any broker, dealer, municipal securities dealer, investment adviser or investment company." *In re John Gardner Black*, Investment Advisers Act Release No. 1720, 1998 WL 217152, at *2, 1998 SEC LEXIS 845, at *4 (May 4, 1998).

In 2009, Black filed a petition asking the SEC to vacate the 1998 bar order. Black's petition claimed that the "mark-to-model" method he had used to value the collateral would be legal under a recent revision of asset valuation standards by the Financial Accounting Standards Board. The Commission, in the order under review, denied Black's petition with respect to the bar on association with any investment adviser or investment company. *See In re John Gardner Black*, Investment Advisers Act Release No. 3015, 2010 WL 1474294, at *4–5, 2010 SEC LEXIS 1051, at *16 (Apr. 13, 2010). Black challenges that denial.

This Court upholds SEC sanctions determinations unless "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *KPMG, LLP v. SEC*, 289 F.3d 109, 121 (D.C.Cir.2002) (quoting 5 U.S.C. § 706(2)(A)). The SEC will lift or modify a bar order when "it is consistent with the public interest and investor protection to permit the petitioner to function in the industry without the safeguards provided by the bar." *In re Ciro Cozzolino*, Exchange Act Release No. 49001, 2003 WL 23094746, at *3, 2003 SEC LEXIS 3083, at *12 (Dec. 29, 2003). The Commission uses a multi-factor test to determine whether the public interest supports lifting a bar, and will vacate a bar only in "compelling circumstances." *Id.* at *3, 2003 SEC LEXIS 3082, at *12–13; *see also In re Kenneth W. Haver, CPA*, Exchange Act Release No. 54824, 2006 WL 3421789, at *2–3, 2006 SEC LEXIS 2735, at *7–8 (Nov. 28, 2006).

The primary substantive argument in Black's petition was that the mark-to-model method that yielded the $71 million overvaluation in the mid–1990s would have been legal under the FASB's post-financial crisis standard for determining the fair value of an asset in an inactive market. The Commission's primary response to Black's argument was to treat it as a "collateral attack" on the consent injunction and the allegations in the injunctive com-

plaint. *See In re Black,* 2010 WL 1474294, at *2–3 & n. 13, 2010 SEC LEXIS 1051, at *8–10 & n. 13. The SEC, by longstanding policy, does not permit such collateral attacks in follow-on administrative proceedings. *See* 17 C.F.R. § 202.5(e) (1998); *In re Michael Batterman,* 57 S.E.C. 1031, 1039 & n. 18 (2004).

We need not decide here whether the SEC erred in characterizing Black's petition as a collateral attack. The SEC also addressed his claim on the merits, albeit tersely. Specifically, the Commission said: "In any event, Black's collateral attack is not persuasive. Although Petitioners assert that changes in applicable securities valuation methods exonerate them, they do not provide any evidentiary support for their claim...." *In re Black,* 2010 WL 1474294, at *5 n. 13, 2010 SEC LEXIS 1051, at * 10 n. 13. Black contends on appeal that the SEC's Division of Enforcement was obligated to rebut his "undisputed assertion" that the new FASB guidance would retrospectively vindicate his accounting. Amicus Br. 21 (emphasis omitted). But a bald assertion without any evidentiary support does not demand a more expansive response than the Commission provided.

The Commission applied its multi-factor test and determined that the public interest did not support lifting the bar. *See In re Black,* 2010 WL 1474294, at *3–4 & n. 18, 2010 SEC LEXIS 1051, at *12–15 & n. 18 (noting the great harm caused by Black's fraud, his scant progress toward repaying the "amounts assessed against him," his lack of remorse, and his failure to identify any unforeseen "consequences or hardship" resulting from the bar). In the absence of evidence to support Black's claim about the FASB standard, and in light of the overwhelming weight of the other factors, it was not arbitrary, capricious, or an abuse of discretion for the Commission to refuse to vacate the bar.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.